UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KONSTANCE RICHARDSON,**

    **Plaintiff,**

vs.                                CASE NO.:

**THE DEVEREUX FOUNDATION, INC.,**

    **Defendant.**          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KONSTANCE RICHARDSON, by and through the undersigned attorney, sues the Defendant, THE DEVEREUX FOUNDATION, INC., and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff has worked for Defendant from approximately January 2015 through present as a Project Coordinator for In Home Services.

3. Plaintiff was paid a salary by Defendant but no additional overtime compensation for overtime hours worked.

4. At all times material to this cause of action, Plaintiff was a non-

exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

5. Defendant, THE DEVEREUX FOUNDATION, INC., is a Pennsylvania Corporation that operates and conducts business in, among other locations, Orlando, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant, THE DEVEREUX FOUNDATION, INC., provides behavioral healthcare services for people living with emotional, behavioral, or cognitive differences.

7. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were telephones,

computers, medical supplies, and other items which originated from outside the state of Florida.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff as exempt from overtime compensation.

14. During her employment with Defendant, Plaintiff is/was classified as exempt under the FLSA.

15. Plaintiff is/was paid a weekly salary as her compensation for forty (40) hours worked.

16. Plaintiff's primary job duties were to provide one on one care to her assigned client.

17. Plaintiff also at time assisted with paperwork for part time and full time staff. However, Plaintiff did not supervise employees nor did she have authority to hire and fire.

18. Plaintiff's job duties were those of a non-exempt employee and she should have been paid overtime compensation for overtime hours worked.

19. Plaintiff routinely worked overtime hours, but was never paid time and one-half compensation for same.

20. Upon information and belief, the records, to the extent any exist,

concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## **RECOVERY OF OVERTIME COMPENSATION**

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above as though fully stated herein.

22. Plaintiff was/is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

23. During her employment with Defendant, Plaintiff was misclassified as exempt and worked overtime hours without receiving additional overtime compensation from Defendant.

24. Defendant did not have a good faith basis for their decision to classify Plaintiff as exempt under the FLSA.

25. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KONSTANCE RICHARDSON, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action,

declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 10th day of December, 2021.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing of Plaintiff, Plaintiff, has filed using the CM/ECF filing system, which I understand will send a notice of electronic filing to all counsel of record this 10th day of December 2021.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan