UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KONSTANCE RICHARDSON,

            Plaintiff,

v.                                  Case No.: 6:21-cv-2076-ACC-GJK

THE DEVEREUX FOUNDATION, INC.,

            Defendant.
_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** SECOND AMENDED JOINT MOTION FOR APPROVAL OF THE FLSA SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 26)
>
> **FILED:** May 11, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.     BACKGROUND

On September 20, 2021, Plaintiff Konstance Richardson filed this action against Defendant The Devereux Foundation, Inc., alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. On

May 11, 2022, the parties filed a second amended motion (the "Second Amended Motion") asking the Court to approve their settlement agreement (the "Settlement Agreement") and dismiss this action with prejudice.[1] Doc. No. 26.

## II.  ANALYSIS

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit held that unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *See also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-PCF-DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over

---

[1] The Settlement Agreement attached to the original motion to approve it contained the parties' electronic signatures in violation of Rule F.3 of the Court's Administrative Procedures for Electronic Filing. Doc. No. 21-1. The parties subsequently filed the Settlement Agreement with their handwritten signatures. Doc. No. 23-1. The amended motion to approve the Settlement Agreement was denied without prejudice due to a modification provision. Doc. No. 25. The parties have now revised the Settlement Agreement to delete the modification provision. Doc. No. 26 at 2.

issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-ACC-JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Importantly, "a pervasive release in settlement of an FLSA action is both unfair and incapable of valuation." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). "Pervasive, overly broad [general] releases have no place

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

in settlements of most FLSA claims." *Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-RBD-TEM, 2012 WL 868804, *4 (M.D. Fla. Mar. 14, 2012).

That is not to say a general release may never be included in a FLSA settlement. Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information, such as detailed explanations in their motions or affidavits from the plaintiffs, regarding any other claims that the plaintiffs are knowingly releasing, including the fair value of such claims, whether those claims are being compromised and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-JA-KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving FLSA settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and her counsel, or otherwise. *Silva*

4

*v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[3] When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. Thus, a potential conflict can arise between counsel and their clients regarding how much of the plaintiffs' total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* As the Court interprets *Lynn's Food* and *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's*

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> *attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.*

A. <u>Settlement Amount</u>

In her answers to the court interrogatories, Richardson states that her damages due to violations of the FLSA range from $3,439.83 if calculated at a half-time rate to $14,735.46 in unpaid wages if calculated at a time-and-a-half rate, plus an equal amount in liquidated damages. Doc. No. 19-1 at 2. Under the Settlement Agreement, Richardson will receive $5,000 for unpaid wages and $5,000 for liquidated damages. Doc. No. 26-1 at 2.

This case involves contested issues of FLSA liability, which constitute a bona fide dispute. Doc. No. 26 at 6. The parties agreed to settle this action "to avoid the risk and expense involved in lengthy, fact intensive litigation." *Id.* Each party was represented by counsel. *Id.* at 5. Considering the foregoing, and the

strong presumption favoring settlement, the settlement amount is fair and reasonable.

    B.  <u>General Release</u>

The Settlement Agreement contains a general release from Richardson to The Devereux Foundation, and "its parent companies, subsidiaries, affiliates, merged entities, related entities, successors, predecessors, partners, prime contractors, and assigns as well as all of the owners, shareholders, officers, employees, and directors of all of the foregoing . . . ." Doc. No. 26-1 at 3. Regarding general releases, in *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010), the Court explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release – that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*See also Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-RBD-TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (finding that nondisclosure provisions in FLSA settlement agreements "thwart…Congress's intent to ensure widespread compliance with the FLSA") (internal quotations omitted); *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-RBD-TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that non-disparagement clauses are generally rejected in FLSA settlement agreements). Nevertheless, general releases are approved when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-JA-KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving settlement agreement providing $100 as separate consideration for a general release). The general release here is fair and reasonable because Richardson will receive separate consideration for the release. Doc. No. 26-1 at 2.

In the Settlement Agreement, the parties state that the total settlement amount is twenty thousand dollars. *Id.* at 1. The parties then allocate the twenty thousand dollars as five thousand dollars to Richardson for unpaid overtime, five thousand dollars to Richardson for compensatory damages, and five thousand dollars to Richardson's counsel for attorney's fees and costs. *Id.* at 2. In allocating the amount for the general release, however, the Settlement Agreement states that it is "$5,0000.00." *Id.*

8

The "$5,0000.00" is clearly a scrivener's error and should read, "$5,000.00," as do the other allocated amounts in the Settlement Agreement. *Id.* The Settlement Agreement contains a severability clause, providing:

> The provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. *If any provision is deemed invalid, illegal, or unenforceable, it shall be read so as to give effect to the original intent of the Parties as nearly as possible.*

Doc. No. 26-1 at 6 (emphasis added). The severability clause permits the Settlement Agreement to be read so as to give effect to the original intent of the parties that Richardson will receive five thousand dollars as consideration for the general release.

C. Attorneys' Fees

Under the Settlement Agreement, Richardson's counsel will receive $5,000 in attorney's fees and costs. Doc. No. 26-1 at 2. The parties state that attorney's fees and costs were negotiated separately from Richardson's FLSA claim. Doc. No. 26 at 8. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Richardson. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the Settlement Agreement's attorney's fee provision is fair and reasonable.

## III.  CONCLUSION

Because the Settlement Agreement is fair and reasonable, it is **RECOMMENDED** that the Court **GRANT** the Second Amended Motion (Doc. No. 26), to the extent that the Court finds the Settlement Agreement (Doc. No. 26-1), to be a fair and reasonable resolution of claims and **DISMISS** the case with prejudice.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** on May 12, 2022.

_____
**CELESTE F. BREMER**[4]
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Magistrate Judge Celeste F. Bremer substituting for Magistrate Judge Gregory J. Kelly.

Copies furnished to:
Counsel of Record
Unrepresented Parties